UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE T. MINEO,<br><br>**Plaintiff,**<br><br>v.<br><br>GERMAINE MCEACHERN, *et al.*,<br><br>**Defendants.** | Civ. No. 2:12-cv-01950 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Claude T. Mineo brings this action against thirteen Defendants, including James M. Clark and Jonathan D. Sanders. This matter comes before the Court on a motion to dismiss filed by Clark and a motion to dismiss filed by Sanders. Both Clark and Sanders move to dismiss for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2), and for improper venue under Federal Rules of Civil Procedure 12(b)(3).[1] There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, both motions are **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action against Defendants, alleging that Defendants defrauded him out of hundreds of thousands of dollars as part of a complex real estate investment scheme. The Court will first summarize the facts as to Defendants Clark and Sanders, and will then summarize the relevant facts as to Plaintiff.

### A. Facts as to Clark and Sanders

Clark and Sanders are citizens and residents of Florida. Declaration of Jonathan D. Sanders ("Sanders Decl.") ¶ 3, ECF No. 33; Clark Mot. to Dismiss ("Clark Mot.") at 5, ECF No. 14. They have never visited New Jersey. Sanders Decl. ¶ 10; Clark Mot. at 4. They do not own any property in New Jersey. Sanders Decl. ¶ 5; Clark Mot. at 4. They do not have any bank accounts in New Jersey. Sanders Decl. ¶ 7; Clark Mot. at 4. They do not have any businesses in New Jersey. Sanders Decl. ¶ 6; Clark Mot. at 4.

---
[1] Clark is proceeding *pro se*. Sanders was initially proceeding *pro se*, but retained an attorney after he filed his motion to dismiss. Thus, Sanders's reply brief (and his subsequent submissions) were filed by counsel.

1

They have never solicited or advertised for any business in New Jersey. Sanders Decl. ¶ 8; Clark Mot. at 4. And they do not have designated agents for service of process in New Jersey. Sanders Decl. ¶ 9; Clark Mot. at 4.

In 2007, Clark and Sanders co-owned a house located in Santa Rosa Beach, Florida. Sur-Sur Reply Declaration of Jonathan D. Sanders ¶ 3, ECF No. 40. At the time, the real estate market was depressed, and Clark and Sanders were looking to sell the property. Sanders Decl. ¶ 14. Sanders placed an advertisement for the property in the Atlanta Journal Constitution, a local newspaper in Atlanta, Georgia. *Id.* ¶ 15. In response to the advertisement, Sanders received a telephone call from an individual who identified himself as "David Lester," a resident of Georgia. *Id.* ¶ 16. Lester told Sanders that he represented a group of unidentified investors who were interested in acquiring distressed properties for long-term appreciation. *Id.* Lester and Sanders negotiated a purchase price of $650,000, with the buyer to pay off an existing mortgage of approximately $450,000 and to pay off any other liens against the property. *Id.* ¶ 17. Lester did not identify the ultimate buyer of the property. *Id.* ¶ 18. Neither Sanders nor Clark ever communicated with the buyer. *Id.*; Clark. Mot. at 5.

In November 2007, Lester gave Sanders the name of the buyer's attorney, Carl Gensib. Sanders Decl. ¶ 19. Sanders and Gensib exchanged emails to confirm the terms of the sale. *Id.* ¶¶ 20-21 and Exs. A, B. They agreed that Clark and Sanders would receive approximately $190,000 from the sale. *Id.* ¶¶ 21-22. At some point in mid to late November, Gensib sent Sanders the closing documents, including a U.S. Department of Housing and Urban Development Uniform Settlement Statement ("HUD-1") and a Warranty Deed. *See id.* ¶ 26; Compl. ¶¶ 41, 52-53; Certification of Clay D. Shorrock ("Shorrock Cert.") Ex. A, ECF No. 17-1; Shorrock Cert. Ex. D, ECF No. 17-1. When Clark and Sanders received the Warranty Deed, they learned for the first time that the name of the buyer was Claude Mineo. Sanders Decl. ¶ 26. The Warranty Deed listed Mineo's address as the address of the Santa Rosa Beach, Florida property being sold. Sanders Decl. ¶ 26; Shorrock Cert. Ex. D. The Warranty Deed did not identify Mineo as a resident of New Jersey. *Id.* At Gensib's request, Sanders executed and recorded the Deed in the State of Florida. *Id.* Clark and Sanders also signed and returned the HUD-1.[2] *See* Shorrock Cert. Ex. A.

### B. Facts as to Plaintiff

Plaintiff is a New Jersey resident. Compl. ¶ 1. Defendants Trevor Lavine, Germaine McEachern, and Gensib are residents of New Jersey. Compl. ¶¶ 2-3, 5.

Plaintiff was close friends for many years with Lavine. Compl. ¶ 104. In early 2007, Lavine introduced Plaintiff to McEachern. Compl. ¶¶ 20, 105. McEachern held himself out as a successful real estate investor, and asked Plaintiff if he would be

---

[2] Plaintiff alleges that Clark and Sanders signed and returned the HUD-1. *See* Pl.'s Opp. Br. at 2, ECF No. 28. Sanders asserts that he never signed the HUD-1. *See* Sanders Decl. ¶¶ 23-24. For purposes of this motion, the Court construes disputed facts in Plaintiff's favor. *See LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011).

interested in participating in a joint venture with himself (McEachern) and Lavine. Compl. ¶¶ 24, 27. McEachern told Plaintiff that the joint venture would operate by using each participant's credit on a rotating basis for the purchase of multiple investment properties. Compl. ¶ 28. First, one of the participants would use his credit to obtain the mortgage for an investment property. *Id.* The participant whose credit was used would take a larger stake in the profit from the property, while the two other participants took a smaller stake. *Id.* Once the first property was resold, the next participant would use his credit to obtain the mortgage on a new property, and so on. *Id.* After speaking with McEachern, Plaintiff agreed to purchase an investment property as part of the joint venture. *See* Compl. ¶ 29.

McEachern identified a property in Santa Rosa Beach, Florida for Plaintiff to purchase. Compl. ¶ 29. In connection with the purchase of the property, Plaintiff signed a "fraudulent mortgage loan application" that falsely stated that Plaintiff "earned a monthly income of $16,680.00 in addition to his actual gross monthly income of approximately $8,250.00." Compl. ¶¶ 33, 37. Plaintiff alleges that McEachern was the one who filled out the application, and that McEachern "encouraged [Plaintiff] to sign the loan application documents without reading the[m]." *Id.* The bank approved Plaintiff's application and issued a mortgage note on November 23, 2007 in the amount of $766,400.00. Compl. ¶ 38. At the closing, the mortgage note was executed by Plaintiff. Compl. ¶ 39.

Gensib, the attorney, was hired to help with the closing. One of the documents needed for the closing was the HUD-1. The Complaint alleges that the HUD-1 was "executed by [Plaintiff] Mineo," even though it "falsely and fraudulently stated that Mineo tendered in cash $236,568.53 at the time of closing to Defendants Clark and Sanders." Compl. ¶¶ 41-42. In reality, "Mineo never made any down payment or tendered any money at the time of closing," and "only $179,458.51 was disbursed to the sellers." Compl. ¶¶ 43, 67. Plaintiff alleges that Gensib was the one who "drafted, reviewed and approved . . . the HUD-1," and that "McEachern [was the one who] instructed Plaintiff to sign the closing documents." Compl. ¶¶ 44, 61, 69. Gensib sent the closing documents to the sellers in Florida for their signatures, and the sale was completed. Compl. ¶¶ 41, 52-53.

According to the Complaint, the Santa Rosa Beach property "is currently undergoing foreclosure proceedings [which is] harming Plaintiff's credit [and] resulting in untold expenses." Compl. ¶ 113. Plaintiff asserts that Defendants were all part of a vast criminal conspiracy to use Plaintiff's good credit to defraud banks and mortgage institutions. Compl. ¶ 26. Plaintiff alleges that McEachern intentionally misrepresented the value of the Florida property and the viability of the Florida real estate market to Plaintiff in order to entice him to enter into the fraudulent transaction. Compl. ¶ 31.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The burden of establishing

3

personal jurisdiction lies with the plaintiff. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). The plaintiff must show that jurisdiction exists by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). The Court must accept all of Plaintiffs' allegations as true and construe disputed facts in Plaintiffs' favor. *LaSala*, 410 F. App'x at 476.

## III. DISCUSSION

Plaintiff filed a fifteen-count Complaint, asserting claims for violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, the New Jersey RICO Act, N.J.S.A. 2C:41-2, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, and a variety of state common law claims. Defendants Clark and Sanders move for dismissal for lack of personal jurisdiction and improper venue. Because the Court finds that it lacks personal jurisdiction over Clark and Sanders, the Court does not reach the issue of venue.

Personal jurisdiction may be exercised generally or specifically. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 9 (1984). In this case, Plaintiff argues that the Court has specific jurisdiction over Clark and Sanders. Specific jurisdiction exists when the plaintiff's cause of action arises out of the defendant's contacts with the forum. *Id.* at 414 n. 8. The inquiry as to whether specific jurisdiction exists has three parts. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007); *Wolstenholme v. Bartels*, No. 11-3767, 2013 WL 209207, at *3 (3d Cir. Jan. 18, 2013). First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also O'Connor*, 496 F.3d at 317 ("what is necessary is a deliberate targeting of the forum"). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945); *see also O'Connor*, 496 F.3d at 317.

In this case, Plaintiff has failed to demonstrate that Clark and Sanders purposefully directed their activities at the State of New Jersey. No part of the real estate transaction was directed at New Jersey. Clark and Sanders are residents of Florida. The property being sold was in Florida. Sanders advertised the property in Georgia. Sanders negotiated the sale of the property with an individual in Georgia. That individual said that he was representing anonymous buyers. Clark and Sanders did not learn the identity of the buyer until they received the closing documents. In the closing documents, the buyer's address was listed as the address of the Florida property being sold. At no point did Clark and Sanders know that the buyer for their property resided in New Jersey. And at no point did Clark and Sanders ever communicate with the buyer. Clark and Sanders did not otherwise have any connection to New Jersey. Clark and Sanders have never visited New Jersey, they do not own any property in New Jersey, they do not have any bank accounts in New Jersey, they do not have any businesses in New Jersey, they have

never solicited or advertised for any business in New Jersey, and they do not have designated agents for service of process in New Jersey. Thus, Clark and Sanders did not deliberately target New Jersey in any way.

Plaintiff's arguments to the contrary are unpersuasive. First, Plaintiff argues that Clark and Sanders directly aimed their tortious conduct at the forum because they "knowingly sent [a] fraudulent HUD-1 into New Jersey." Compl. ¶ 82. This argument is belied by Plaintiff's own allegations. According to the Complaint, Plaintiff's lawyer, Gensib, was the one who drafted the HUD-1 and the one who knowingly misrepresented information on the form. Compl. ¶¶ 63-66. The HUD-1 was then "executed by Mineo," even though it "falsely and fraudulently stated that Mineo tendered in cash $236,568.53 at the time of closing to Defendants Clark and Sanders." Compl. ¶¶ 41-42. Thus, in spite of careful drafting, it is clear from the Complaint that the fraudulent HUD-1 was fraudulent because of Gensib and Mineo. Clark and Sanders merely received an already-fraudulent HUD-1, signed it, and returned it. This is insufficient to show that Clark and Sanders perpetrated a fraud aimed at New Jersey.

Second, Plaintiff argues that the Court may exercise personal jurisdiction over Clark and Sanders because they were part of a criminal enterprise and their alleged co-conspirators are located in New Jersey. As an initial matter, the Court notes that the allegations in the Complaint are insufficient to establish that Clark and Sanders were part of a criminal conspiracy with the other Defendants. But this is a non-issue, as the Third Circuit recently rejected the co-conspirator theory of personal jurisdiction altogether. *See LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 478 (3d Cir. 2011) (predicting that the New Jersey Supreme Court would decline to adopt the co-conspirator theory of personal jurisdiction and declining to adopt such a theory); *see also Waste Mgmt., Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 127 (1994) ("jurisdiction over one defendant may not be based on the activities of another defendant").

Because Plaintiff failed to demonstrate that Clark and Sanders purposefully directed their activities at the State of New Jersey, the Court finds that it lacks personal jurisdiction over Clark and Sanders. Accordingly, the motions to dismiss are granted.

## IV. CONCLUSION

For the reasons stated above, Clark and Sanders's motions to dismiss for lack of personal jurisdiction are **GRANTED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 25, 2013**